J-S41021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARIUS WALKER | |
| Appellant | No. 157 MDA 2015 |

Appeal from the Judgment of Sentence October 31, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000823-2014

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*] **FILED AUGUST 21, 2015**

CONCURRING AND DISSENTING MEMORANDUM BY LAZARUS, J.:

I concur with regard to the majority's disposition of Walker's possession with intent to deliver, possession of drug paraphernalia, and corruption convictions.  I respectfully dissent, however, with regard to the majority's affirmance of Walker's conviction for criminal use of a communication facility.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] I also part ways with the majority's conclusion that Walker has waived this issue on appeal.  Walker cites to the relevant statute, 18 Pa.C.S. § 7512 of the Crimes Code, and argues that the Commonwealth failed to present evidence:  (1) of the identity of the third parties with whom he exchanged the relevant text messages; and (2) that Walker had any physical interaction with those third parties in order to satisfy the underlying felony element of the statute.

In **Commonwealth v. Moss**, 852 A.2d 374, 382 (Pa. Super. 2004),[2] our Court stated that "if the underlying felony never occurs, then the defendant has facilitated nothing and cannot be convicted under section 7512." Here, the "intended" underlying felony for purposes of a criminal use of a communication facility conviction would be the **actual** delivery or sale of drugs to the third parties with whom Walker allegedly exchanged the text messages on March 23, 2014. Accordingly, I believe that the underlying felony did not occur.

Moreover, I also do not believe that a substantial step occurred toward the commission of that underlying felony (delivery/sale of drugs to third parties) where: Walker never made it to the predetermined Williamsport locations to sell the drugs, never approached the intended third party buyers, and did not otherwise attempt to exchange drugs for money with them. To me this case is on all fours with the facts of **Moss** and I would rely on that decision to find Walker's section 7512 conviction infirm. **See Moss**, **supra** at 383-84 (where "record [was] devoid of any evidence that the contemplated transaction between [defendant and third party] actually occurred or that [they] took substantial step toward completion of transaction they discussed," section 7512 sentence reversed).

For these reasons, I write separately.

---

[2] Notably, the majority does not even reference **Moss** in its decision.